THE STATE v. JOHN 'A. BLAUVELT.

1. In an indictment for obtaining money by false pretence, a *scienter* must appear.
2. In an indictment for so obtaining an endorsement on a promissory note for $1500, the valuable thing is the endorsement, and not the sum of $1500, and should be so stated.

On motion to quash indictment.

Argued at November Term, 1875, before Justices SCUDDER and REED.

For the motion, *Wm. M. Johnson.*

The opinion of the court was delivered by

REED, J.  An indictment against John A. Blauvelt, for obtaining money by false pretences, was brought into this court from the Bergen Oyer and Terminer, where the defendant had pleaded not guilty.

A motion is here made, in conformity with the practice, to withdraw that plea, and that the indictment be quashed. *Nichols* v. *The State*, 2 *South.* 539.

The indictment states that the defendant " unlawfully and designedly did falsely pretend to one Barney Cole, that he, the said John A. Blauvelt, owned half of the property at Park Ridge, by means of which said false pretence he, the said John A. Blauvelt, did then and there unlawfully, designedly, and knowingly obtain from him, the said Barney Cole, the acceptance and endorsement of him, the said Barney Cole, of and upon a certain promissory note bearing date," &c., " for fifteen hundred dollars, with intent then and there to cheat and defraud him, the said Barney Cole, of the said sum of fifteen hundred dollars ; whereas, in truth and in fact,

he, the said John A. Blauvelt, did not own half the property at Park Ridge," &c.

The indictment is defective in not containing an averment of a *scienter*. The statement that the defendant unlawfully and designedly did falsely pretend, is insufficient.

He may have stated that he owned property, and stated it with the intent to procure an endorsement. It may be, that the fact was untrue that he owned property, and yet the defendant may not have been conscious of its falsity. Through some unknown defect in his title to realty or personalty, he may have stated what he believed to be true, but what, in fact, was false.

Indeed he may have made the statement to procure an endorsement, and at the time have intended to compel the endorser to pay the note, and so cheat him ; but if he did not know that the statement was untrue, it is not within the meaning of the statute.

In the case of *Regina* v. *Henderson*, 2 *Moody C. C.* 260, there was an indictment under the statute 7 and 8 *George IV, ch.* 29. The indictment stated that the defendant unlawfully and fraudulently did falsely pretend that he was possessed of a certain sum of money, and it was nowhere alleged that he knowingly pretended or in any manner averred a knowledge of the falseness of the statement, it was held bad by all the judges.

In this indictment the word " knowingly" is omitted, and the *scienter* is nowhere averred.

The indictment is vague in speaking of the acceptance and endorsement of a certain promissory note. What is meant by the acceptance of a note is not clear. The parties to the note are not mentioned.

The indictment also charges that, by the false pretences, the defendant obtained the endorsement by Cole of a certain promissory note for $1500, with intent to cheat and defraud Cole " of the said fifteen hundred dollars."

The valuable thing which the indictment evidently should have charged the defendant with obtaining, with the intent

to defraud Cole, was the endorsement, not the sum of $1500. It might, with equal propriety, have charged the defendant with obtaining an endorsement, with intent to cheat him of a horse, as " of the said fifteen hundred dollars."

The indictment is clearly bad, and must be quashed.